(Pleito No. 136.—Fallado el 16 de Julio de 1901.)

## Díaz contra Guerra.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

Recurso de casación. No cabe el recurso de casación contra la apreciación de las pruebas, hecha en conjunto, aunque para combatirla se pretenda someter á examen aisladamente cada uno de los elementos probatorios integrantes del juicio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez y seis de Julio de mil novecientos uno, en el interdicto

de obra nueva iniciado en el extinguido Juzgado de 1ª Instancia de San Francisco y continuado después ante la Corte del Distrito de San Juan por Don Acisclo Díaz Valcárcel, propietario y vecino de Río Piedras con Don Mauricio y Don Arturo Guerra, vecinos de esta Capital y propietarios, pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por el demandante y sostenido en su defensa y representación por el Letrado Don Rafael López Landrón; habiéndolo sido la parte recurrida por el Licenciado Don Hilario Cuevillas Hernández.—Resultando: Que ante el extinguido Juzgado de San Francisco se inició este interdicto de obra nueva que luego continuó sustanciándose en el Tribunal de este Distrito por demanda de Don Acisclo Díaz Valcárcel contra Don Mauricio Guerra Mondragón y su legítimo hijo Don Arturo Guerra y Acosta, pronunciando dicho Tribunal, en veinte y cuatro de Septiembre del año mil novecientos, sentencia declarando sin lugar el interdicto de obra nueva con las costas al actor Díaz Valcárcel y dejando sin efecto el mandamiento de la suspensión de la obra.—Resultando: Que para dictar el fallo referido consideró el Tribunal el resultado de todas las pruebas practicadas que fueron: documental, cotejo de los documentos públicos, dictamen de peritos, reconocimiento judicial en que se hizo constar la existencia de una cerca divisoria de los solares de que se trata y testifical referente á la existencia de esa cerca ó empalizada como signo de posesión, y dedujo para fundamentar su sentencia que el demandante Don Acisclo Díaz Valcárcel no había justificado que se hubiera construído en terrenos de su propiedad ó que poseyera con título para ello, ni que se le hubiera despojado de catorce pulgadas precisamente por la edificación de los demandados Don Mauricio y Don Arturo Guerra.—Resultando: Que contra dicha sentencia se ha interpuesto á nombre de Don Acisclo Díaz Valcárcel recurso de casación por infracción de ley autorizados por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil y

según el escrito que dice así: "Infracciones legales.—1ª La del artículo 446 del Código Civil que cita la sentencia y resulta manifiestamente violado—¿Por qué? Don Acisclo Díaz Valcárcel es poseedor de un solar de diez y seis varas castellanas de frente con título posesorio inscrito (folios 3 y siguientes); le inquietan recientemente en la posesión de sus diez y seis varas de frente Don Mauricio Guerra y su hijo Don Arturo, levantando una obra nueva cuyas paredes maestras invaden ese frente saliendo del límite de catorce varas del título de propiedad de los demandados (folios 41 y siguientes, mensura de seis de Junio de mil novecientos, planos y observaciones periciales de veinte y ocho de Julio del mismo año) y sin embargo no se le ampara en la posesión.—2ª Infracción del artículo 443 del Código Civil, que también se cita en la sentencia.—¿En qué concepto? Díaz *posee* con carácter y título de dueño, por tanto la presunción legal de *posee con justo título*, esa presunción no resulta destruída por prueba en contrario, y eso no obstante no se le reconoce el distintivo legal de poseedor, cual si fuera mero detentador. —3º Aplicación indebida del número 4º del artículo 460 del mismo Código, cita que también hace la sentencia—¿En qué aspecto? Porque supone perdida por Don Acisclo Díaz Valcárcel su posesión por otra nueva de los demandados Guerra que no tiene, aun en el caso de no ser pura detentación, más de un año y un día.—4º Aplicación indebida, incongruente, del artículo 467 del Código que invoca el fallo.— ¿Razón de ello? Nadie ha aducido alegación alguna de servidumbre de usufructo, punto legal por todo extremo ajeno á las concretas cuestiones posesorias controvertidas.—5ª Infracción del precepto 445 del propio cuerpo legal.—¿En qué manera? Surgida la contienda sobre el hecho de la posesión, no es preferido el poseedor actual Don Acisclo Díaz.— 6ª Infracción del artículo 436 por no presumirse sin prueba alguna en contrario, que Don Acisclo Díaz sigue disfrutando diez y seis varas castellanas de frente en su solar por el mismo concepto en que las adquirió.—7ª Violación del artículo

463 del Código, por cuanto los actos de mera detentación de los demandados Guerra, se aceptan en perjuicio del dueño Don Acisclo Díaz.—8ª Contravención al precepto fundamental 349 del Código Civil, porque el Tribunal no ampara ni reintegra en la posesión al propietario Don Acisclo Díaz. que se ve privado en parte de ella.—9ª La doctrina legal y el axioma de derecho de que nadie puede ir contra sus propios actos y títulos de propiedad, como lo hacen los demandados.—10ª Infracción del artículo 1,218 del Código Civil por cuanto no se acepta que el título de propiedad de los demandados (folio 41) hace prueba contra los contratantes Guerra, en cuanto á que su solar en disfrute sólo tiene catorce varas de frente nada más.—Errores en la apreciación de las pruebas:—1º Error de hecho y de derecho en la apreciación de la prueba incongruente á la posesión actual y su perturbación relativa á la certificación del folio 61 dada por el Alcalde de Río-Piedras sobre la extensión que por el frente tienen los solares del actor y de los demandados.—Porque á ese documento se le da efecto legal de certificación y documento público con infracción del artículo 1,218 del Código Civil, á pesar de que no está autorizado por empleado competente para certificar, que lo es únicamente el Secretario, ni revestido de las solemnidades legales facultativas ó periciales.— Porque ese documento no indica, como se supone, la medida actual con que poseen hoy los propietarios privados Don Acisclo Díaz y los demandados Guerra, materia concreta del interdicto, sino la que tenían los solares al hacerse, ha muchos años, el plano del Ayuntamiento y *según resulta de éste.*—Porque se atribuye á ese documento de referencias antiguas, efectos bastantes para invalidar ó modificar los títulos de propiedad posteriores del actor y de los demandados, concordantes en relación con la medida total de los solares.—2º Error de hecho y de derecho en la apreciación del resultado de la prueba pericial.—La prueba y los planos y las observaciones de uno y de otro perito no contradicen los títulos de propiedad y posesión de las partes litigantes; ó

bien se refieren á los planos de mediados del siglo que nada arguyen contra la propiedad y posesión actuales y su forma, ó bien confirman el frente de cada solar, según los títulos actuales de ambas partes, y la intrusión de la obra nueva.— 3º Error de hecho y de derecho (4º considerando) en la apreciación de la prueba del título posesorio inscrito y cotejado de Don Acisclo Díaz, en cuanto que se supone que de la documentación traída por ambas partes, aparece que en ningún tiempo tuvo el solar que hoy disfruta el actor mayor extensión que el que usufructúan los demandados, siendo así que mientras el título de posesión que presentan los Guerra reza un solar de catorce varas de frente, el de Don Acisclo Díaz acusa otro solar en disfrute de diez y seis varas de frente.—4º Error de hecho y de derecho en la apreciación de la prueba de escrituras de mil ochocientos treinta y ocho (folio 59), mil ochocientos treinta y siete (folio 56) y mil ochocientos cincuenta y cuatro (folio 53) aportadas por los Guerra.—Porque esas escrituras probarán á lo sumo, atendidas sus fechas, el disfrute y distribución privados de los solares hace medio siglo próximamente, pero de ninguna manera el actual del último año anterior á la demanda de interdicto.—5º Error de hecho y de derecho en la apreciación de la prueba testifical practicada ante el Juzgado municipal de Río Piedras en once de Junio del corriente año, con infracción de los preceptos 1,244, 1,248 y vuelto, apartado del 1,280 del Código Civil en consonancia con la base 19 que presidió á su redacción, porque los hechos jurídicos de la importancia que se ventila no pueden decidirse contra los títulos de propiedad solemnes, por la sola coincidencia de algunos testimonios testificales que no identifican ó precisan".—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que, según constante jurisprudencia, no cabe el recurso de casación contra la apreciación de las pruebas, hecha en conjunto, aunque para combatirla se pretenda someter á examen aisladamente cada uno de los elementos probatorios integrantes del juicio, por ser evidente

que de este modo nunca podría demostrarse lo erróneo de tal juicio, que se funda en el enlace y combinación de dichos elementos; siguiéndose en ello la improcedencia del presente recurso en cuanto se refiere á las pruebas, porque el fallo recurrido estima por el resultado de todas ellas que Don Acisclo Díaz Valcárcel no ha probado los hechos cardinales que sirven de fundamento á su demanda ó sea la posesión de diez y seis varas de frente de solar y el hecho de que los demandados con su nueva construcción se han introducido como unas catorce pulgadas más ó menos en su referido solar.—Considerando: Que rechazado el recurso por los motivos que se fundan en los errores de la apreciación de las pruebas por el modo particular y aislado con que se analizan, ha de serlo también en lo que respecta á la infracción de leyes que autorizan el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil, porque en ello se parte del supuesto de haberse demostrado lo expuesto en la demanda, que son los fundamentos de hecho necesarios para que pudiera prosperar la acción ejercitada por la parte recurrente. —Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Acisclo Díaz Valcárcel, á quien condenamos en las costas; y líbrese al Tribunal de este Distrito la certificación correspondiente con devolución de los autos á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario sustituto, en Puerto Rico á diez y seis de Julio de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*